David Michael Smith
    Plaintiff

Complaint

Racial Discrimination

v.

Iowa Prison Industry,
Iowa Department of Corrections
    Defendant

Civil Action No.

**C 08-1 EJM**

1) This action is a civil action authorised by 42 U.S.C. to redress the deprivation under state action of Rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Seeks declutory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injuctive relief are authorised by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. "The merit selection panels established under section 631(b)(5) of title 28 United States Code [subsec. (b)(5) of this section], in recomminding persons to the district court, shall give due consideration to all qualified individuals, especially such groups as woman, blacks hispanics, and other minorities."

2) The Southern District of Iowa is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is were the events giving rise to this claim.

3) Plaintiff, David Michael Smith was at all times mentioned herein a detainee of the State of Iowa in the custody of Anamosa State Penitentiary, Fort Madison State Penitentiary, and Clarinda Correctional facility, Plaintiff is Currently Confinded at Clarinda Correctional facility.

4) Defendant, Security warden is legally responsible for the overall operation of Anamosa State Penitentiary.

5) Defendant, Counselor - Puritt at all times mentioned was assigned to the plaintiff at Anamosa State Pententiary.

6) Defendant, Warden of operations is legally responsible for overall operation of Anamosa State Pententiary

7) Defendant, Captain Ifaya who at all times Mentioned in this Complaint was assigned to Anamosa State Pententiary.

8) Defendant, Warden of operations is legally responsible for the overall operation of the prison, at fort Madison State Pententiary.

9) Defendant, Steve Young who at all times mentioned in this Complaint, was the unit manager of fort Madison State Pententiary.

10) Defendant, first name David - last name unknown, who at all times mentioned in this complaint was assigned counselor at fort Madison State Pententiary.

11) Defendant, Shawn Howard warden of treatment is legally responsible for the overall operation at Clarinda Correctional facility.

12) Defendant, Bob Riddle who at all times mentioned is legally responsible for thee operation at Clarinda Correctional facility

13) Defendant, Bennie Savala who at all times mentioned in this Complaint was the assigned Counselor for B.E.P. at Clarinda Correctional facility

14) Defendant, Roxanne Phillips who at all times mentioned in this Complaint was the assigned unit manager at Clarinda Correctional facility

15) Defendant, Erin Thomas who at all times mentioned in this Complaint was thee assigned counselor at Clarinda Correctional facility

16) The Plaintiff is guaranteed a trial under the Universal Declaration of Human Rights [1948] Article 10 which states. Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any Criminal charge against him. Also in Sewers v. Ohio civil Rights Commission, 20 ohio misc. 115, 252 N.E. 2d 463, 476 Body of law dealing with natural liberties, shorn of excesses which invade equal rights. Constitutionally, they are restraints on governments.

17) Facts of the Complaint — The Plaintiff was a detainee at Anamosa State Penitentiary. Plaintiff had received a report, not returning to cell (See exhibit A) The report was given to Plaintiff after the 24 hour notice Period (See exibit B). The disciplinary report was time barred. Being brought before the administrative law judge and being found guilty was a violation of due process. The ALJ told plaintiff that he misread the rules and when did block people become lawyers. Plaintiff had appealed his decission to the warden Jerry Burt (See exibit D) The warden of Anamosa State Penitentiary told Plaintiff a bold face lie by stating the following. I'm afraid that you have mis-read the DOC policy. The policy specifies that the disciplinary hearing cannot take place within 24 hours of the serving of the report. This is to ensure that you have sufficient time in which to prepare your defense.

   17A) Code of Iowa
        904.505(c) Disciplinary Procedures. To ensure that disciplinary procedures are fair and that sanctions are not Capricious or retaliatory.

17) Plaintiff had recieved employement at Anamosa State Penitentiary at Iowa Prison Industry. Plaintiff worked for IPI for six months as a welder. Plaintiff was paid. 66 Cents a day for his wages. Plaintiff told Superintendent Gilmore that he was being Shown Racial Discrimination from other inmates at work place. Gilmore told Plaintiff either you deal with it or you will be replaced. An Inmate by the name of Compton (that is his last name who is serving a dime Seventy) Said he went through the Same thing

when he first got there, but it was bob Megrew who he complained to. Mr. Compton told me, just tell him you will beat his ass and he will stop with all the racial discrimination. Plaintiff told Compton he is not going to do that, I'll just leave it alone because I'm trying to go home. Bob Megrew would tell very disturbing racial jokes about blacks, Jews and Hispanics. Bob Megrew is a supervisor, Compton has heard Bob tell these jokes as well as Plaintiff. After working for IPI for a month you are supposed to be put on hourly wage. Plaintiff was never put on hourly wage. Plaintiff was told there was no money at the time that could cover hourly wage payment. Plaintiff was hired with 4 other inmates all the whites was hired for hourly wage. There even was a white inmate who was hired for hourly wage after only working 3 weeks one week before the required 1 month. There was other blacks who was working for IPI and was not put on hourly wage after 1 month. Cornela Johnson is one black who Quit because he was not put on hourly wage after seeing white inmates put on hourly wage. according to the Code of Iowa ( Read 17.B)

17B) Code of Iowa
904.809(C) Private Industry Employment of Inmates of Correctional Institutions. Inmates shall receive allowances Commensurate with those wages paid persons in Similar jobs outside the Correctional institutions. This may include piece rating in which the inmate is paid only for what is produced.

17) Plaintiff had got into a Confrontation with Cell mate (See exibit E) Plaintiff was taken to hole until questioning. Plaintiff was brought to Curt Mayo's office to be interviewed. Mayo told plaintiff we know what happened your cell mate pulled a knife out on you and said he will kill you. Plaintiff told Mayo If you know what happened and you know I did not do anything then why am I here. Mayo told Plaintiff any time when two blacks get involved in any situation on the yard they have to go to the hole. Plaintiff was seen by ALJ at Anamosa State Penitentiary, which Plaintiff was found guilty and sentenced to 15 day hole time. (See Exibit F)

Case 1:08-cv-00001-JMM-CJS    Document 13    Filed 01/07/08    Page 4 of 30
(4)

Plaintiff never received a ticket before this incident. Plaintiff never was in any kind of trouble. Your first ticket your giving a warning, that never happen. If you go to the hole for 10 days or more you lose your job at IPI. Plaintiff tried to get job back, Bob Hagren said, were not going to hire you back because you were in possession of a knife, Plaintiff told Bob Hagren what happen and he said let the Call Security. Security called Bob back and said Plaintiff was security risk do not hire him back. IPI has rules and one rule is if your caught with any contraband in the shop area, you will go to the hole and can never work at IPI again. A while inmate by the name of Doug (Last name unknown) Doug is serving 40 years for drugs, Doug had given 10 years back on Post Conviction. Doug was caught throwing contraband and was taken to the hole. Doug was in the hole for 7 days and got his job back at IPI. Plaintiff was threaten on the yard, Saying Something to Counselor only made it worse. Counselor told Plaintiff that he can be moved for Security purpose, Since the person who pulled the knife on you is Comming back to population. Plaintiff Said that would be best, Can I go to Clarinda Correctional facility, Counselor Said no your points are to high. your points can be overadded in certain situation and this was a Situation that had cause for that. Plaintiff points was at 13 there are people with life at Clarinda, there are people at Clarinda with points higher than 13. Plaintiff was sent to Fort Madison State Penitentiary. Fort Madison is a Super max facility the worse of the worse are housed at Fort Madison. The Plaintiff was punished for being a victim of circumstance. Counselor told Plaintiff your only option is going to Fort Madison or staying here at Anamosa. Plaintiff Chose Fort Madison. Plaintiff arrives at Fort Madison and Sees Counselor, Counselor tells Plaintiff Stay here 90 days report free you will make level 3 and get a job. While you work you are to remain report free for 60 days and you will go to John Bennett work Camp out Side the walls of Fort Madison. Plaintiff did all that he was directed to do and put in for a transfer to John Bennett. At this time plaintiff was incarcerated for 2 years of sentence. Plaintiff went before the Classification team - Unit manager Steve Young was head of team. Steve Young told the Plaintiff your not going to John Bennett because I am not for you, we will

send you to Clarinda Correctional facility. While Plaintiff was at fort madison the Plaintiff had completed drug awarness a 3 month program. Steve young told Plaintiff If you don't go to clarinda I will make you do ever bit of your time very hard. Steve Young's last words was black boys do a lot of time at fort Madison.

17.C) Code of Iowa
904.205 The state Correctional facility at Clarinda Shall be utilized as a Secure men's Correctional facility primarily for offenders with chemical dependance metal retardation, or Social inadequacies.

17) I went to Clarinda Correctional facility and I was Seen by counselor Bob Riddle who Said your going to TOW. tow is a drug treatment program, Bob riddle seen already that Plaintiff had drug treatment and completed drug treatment with Success. Bob riddle told Plaintiff If you refuse you will lose 90 days good time and go to the hole. Once your out the hole if you refuse again they you will repeat the process of loss of good time and going to the hole, but this time you will do all your time. Plaintiff was written a report by scotten (see Exhibit G) for unauthorized property. I told the C/o That I had that when I came. C/o Said Show me your property Slip. Plaintiff Showed the C/o the property Slip. C/o told plaintiff you probably altered that Slip I will let the ALJ decide If you altered your Slip (See Exhibit H) As you can See In the report it was given after the 24 hour notice. This is a Constent affair throughout the IDOC. The ALJ dismissed the ticket. Plaintiff was about to Start tow. There is a list that comes on the unit that has everyone's name on the list to Start. I have been told By Roxanne Phillips that I will be in the next class only to be furthered delayed. Plaintiff See's Roxanne Phillips in the hallway. Plaintiff Says to Roxanne (who is treatment Director) why did I not Start drug treatment. Roxanne told Plaintiff you got a ticket and you must Show good behavior while on the tow unit. Plaintiff tells Roxanne that the ticket got dismissed By the ALJ. (see exibit I) Roxanne told Plaintiff that does not matter. Plaintiff tells Roxanne why am I getting Punished for Something that was a mistake on

behalf of the C/o. Roxanne had nothing to say. Keith Cabinboy had refused treatment and he told Plaintiff that he did not get a ticket, Cabinboy said they never threaten him with one. James McCune while in drug treatment assaulted an officer, C/o Armacost. James McCune went to the hole for 30 days hole time, came back to the treatment unit and started treatment were he left off at. When you go to the hole you are required to wait 30 days before you can come back to the treatment unit. Patrick Hanson threaten a C/o went to the hole for 30 days came back to the treatment unit and went back into drug treatment at the same level that he had when he left. Plaintiff had went to classification and ask could he go to the lodge. Roxanne told Plaintiff that people who have run from the facility or got violent crimes are not allowed. Blue Stevens ran from the facility three times and to the lodge. John Renteria had a violent 25 year sentence he possessed a hand gun with drugs around his own children and was allowed to go to the lodge. Plaintiff filed a informal resolution and a grievance on Roxanne Phillips. Roxanne told Plaintiff im going to make sure you do every dime of your time (See exibit J thru L) Roxanne was underminding my treatment from the start. Roxanne has lied to Plaintiff a numerous of times concerning my treatment. Plaintiff has a Court ordered treatment, which Plaintiff wrote the person who runs that treatment. Plaintiffs parole review was comming up and Plaintiff wrote Bennie Savala asking if Plaintiff could start the treatment soon. Bennie Savala wrote Plaintiff back (See Exibit M) and told Plaintiff that your not a priority so you will not be put in the treatment class. Disregard the fact that Bennie Savala was very unprofessional. Plaintiff has a Court ordered treatment how is that not a priority. Bennie Savala has no regard for a judge's order. C/o Diane Scotton who had previously wrote the Plaintiff a report for having unauthorized property. Scotton wrote Plaintiff free ticket based on Race. Scotton wrote a white man the same ticket because they were white they did not received a major report. (See Exibit N) The report that C/o Scotton wrote is an automatic major report which in return is an infraction that results in loss of good time, wrote time, and other privileges, because Diane Scotton wrote the report and gave them a minor it did not carry the same charges as the Plaintiff even though it was the same report. Plaintiff went to the hole at

Clarinda Correctional facility (see Exhibit O) The charges were suspended (see exhibit P) Plaintiff was sent back to general population and once you sent back to general population with suspended charges, your given your Same level back. Plaintiff was stripped of his level after being Sent back to general population with his Same status before you left. (see Exhibit Q) The Plaintiff was denied an interview by the Iowa Board of Parole. The Plaintiff appealed the decission of the Iowa Board of Parole. The Plaintiff was then granted a parole board interview. The Plaintiff then went to talk with counselor so they could dreecide on the plan that Plaintiff will present to the Board. Plaintiff talks with Counselor the first words counselor says is Im not recommending anything for you. The counselor looks on computer and says, The Icon System that we have is not showing that you have an interview with the parole board. Plaintiff tells Counselor that my people looked on the Iowa Department of Corrections web-site.

16.d) Iowa Administrative Code
201-1.4(904) Internet website. The Department Internet home page is located at http://www.doc.state.ia.us.

17) The counselor then looks on the IDOC website - Roxanne Phillips walks in and asks Counselor does he have a interview. The Counselor Says on the ICON it does not but on the IDOC it Says yes he does. Roxanne tells Plaintiff we will have to confirm this with the Parole Board before we can do anything. The Plaintiff is called to the office with the Counselor and the Counselor Says to the Plaintiff that the Iowa Board of Parole made a mistake.

17.E) Iowa Administrative Code
205-5.15(5) Make available records complied by the agency in reasonable anticipation of Court litigation or formal administrative proceedings. The availability of Such records to the general public or to any subject individual or party to Such litigation or proceedings Shall be governed by applicable legal and

17.E) (Continued)

and Constitutional principles, rules of discovery, evidentiary privileges and applicable regulations of the agency

17) The Plaintiff had the Iowa Board of Parole contact outside source and the Parole Board had a liason talk with the Plaintiff's outside source. The outside source confirmed what the counselor had said. Jerry told the Plaintiff's outside source that the Iowa Board of Parole made a mistake.

17.F) Iowa Administrative Code
201-1.6(3) Copies of administrative rules and other materials considered are made a part of the minutes of Reference.

18) Each defendant is a part of the Iowa Department of Corrections. At all times mentioned in this Complaint each Defendant was the reason for this Complaint.

19) Plaintiff, David Michael Smith has Exzibits A through Q that Proves the Complaint (SEE ATTACHMENTS).

20) Plaintiff reallege and incorporate by reference paragraphs 1-19.

21) Racial Discrimination violated Plaintiff David Smith's Rights under the 14th Amendment.

22) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

WHEREFORE, Plaintiff respectfully prays that this court enter judgement granting Plaintiff:

23) A declaration that the acts and omissions described herein violated the Plaintiffs rights under the Constitution and laws of the United States.

24) Compensatory damages in the amount of 1,000,000 against each defendant jointly and severally.

25) Punitive damages in the amount of 50,000,000 against each defendant.

26) A trial on all issues triable by Jury.

27) Plaintiffs costs in this suit.

28) Any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted,

David Michael Smith, Plaintiff.    12-18-07

    I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true

David Michael Smith Plaintiff    12-18-07

SS: 12-18-07

BRAD L. RICHARDS
Commission Number 133636
My Commission Expires

EXZIBIT A

INMATE COPY
4-12

# Disciplinary Notice

## Anamosa State Penitentiary

| | | |
|---|---|---|
| **Offender** | 6230418 | **Smith, David Michael** |
| **Notice Date** | 08/17/2006 | |

*The notice date and serve date are not the Same. The day I recieve the ticket is the Notice Date.*

| | | |
|---|---|---|
| **Disciplinary Number** | 20061011431 | |
| **Rule(s) Violated** | 25 | Out of place of assignment |
| | 43 | Attempt or complicity |
| **Narrative** | Smith #6230418 LUB 4-12 | |

*Time Evident occured →*

On 8/16/2006 at 4:00pm while I CS1 Paul Nemmers was working in LUB. At the 4:00 cell line I observed inmate Smith, David standing on 4 gallery. 4 gallery was to be let out at this time but were not out yet. I asked Smith why he was out and where he was. He told me he was let out by day shift and when he came back "the officer" told him to wait outside. I asked him when he returned. He said around 1:30, I told him that I was in the cell house at 1:15 and asked him why he didn't ask me to let him in. He didn't know, I asked him which officer it was that told him to stand outside. He again told me "the officer that was here" I asked him if he was standing outside the cell house since 1:30 and he said he was. I then asked him why he did not go to his cell at the 3:00 cell line. He told me that he just didn't think about it. He had no reason for being out of his cell and should have asked any second shift staff to let him in his cell.

i informed Smith that he would be receiving a major report.

| | |
|---|---|
| **Reporting Staff** | Paul Nemmers |
| | |
| **Reviewer** | Doug Hilton |
| **Decision** | Approved |

### Offender Response

| | |
|---|---|
| **Served Date/Time** | 8/18/06 - 8:30 PM |
| **Staff Serving** | SG PLV |

↑

*After 24 Hour Notice*

Case 1:08-cv-00001-EJM-JSS     Document 1-3     Filed 01/07/08     Page 11 of 30

b.     That substantial prejudice will result without such witnesses.
c.     Aggravating or mitigating factors.

4.     The offender may present to the investigator evidence relative to the offender's defense.

**Hearing Process**

1.     The <u>ALJ</u> shall schedule the disciplinary hearing after the 24-hour notice period, unless the accused offender waives the notice period.   The hearing shall be held within seven working days (weekends and holidays excluded) following the date on which the offender received the Disciplinary Notice unless:
   a.     The offender is not available for a hearing due to medical or mental health reasons, or is away from the institution for a court appearance.
   b.     The offender can show cause for further investigation.
   c.     The ALJ continues the hearing for further investigation or other cause.
   d.     The offender's behavior presents an imminent threat to staff safety.
   e.     Holding a hearing could or would undermine criminal investigation or prosecution.

2.     **If the offender believes** a procedural error has occurred in the discipline process, the offender **must address the issue at the hearing** and/or through the appeal process.

3.     **No individual may serve as an ALJ if directly** involved in the matter as a witness, investigator, or **reporting staff member.**

4.     **The disciplinary process does not allow** offenders to confront or cross-examine witnesses.

5.     **The offender and staff assistant, if designated,** shall be permitted to offer evidence related to the **disciplinary report including the presentation** of documentary evidence or written witness statements.  The ALJ may allow specific witnesses only as necessary to ensure a fair hearing.  If specific evidence is rejected, the ALJ shall indicate the reasons in writing.

6.     In the event the offender desires to have any witness appear in person at the disciplinary hearing, the offender must notify the investigator and identify the specific witnesses and the names of the witnesses at the time of the investigation.  Allowing a witness to testify in person at a disciplinary hearing is a decision of the ALJ.

7.     The offender shall not have a right to legal counsel during the hearing or appeal process.  The ALJ is required to provide staff assistance for offenders where the complexity of the issue makes it unlikely that the offender is able to collect and present the evidence, where the offender's capacity does not allow adequate comprehension of the case, or where the offender is unable to adequately comprehend English.

8.     If an offender is in a special needs or mental health status, the investigator must obtain a statement from a mental health professional as to the offender's responsibility for the offender's conduct as stated in the report.

9.     Where confidential information is involved, the ALJ shall view the evidence prior to meeting with the accused offender.

10. The ALJ shall conduct the hearing on a disciplinary report:
   a. Where procedures have not been followed correctly, the hearing shall be continued and the report remanded to correct defects prior to continuing with the disciplinary hearing. If necessary, a revised *Disciplinary Notice* shall be given to the offender and further investigation done before the hearing resumes.
   b. If the offender has not previously given a statement(s), the ALJ shall give an opportunity to the offender to make a brief statement, if any.
   c. The ALJ shall determine the class of the offense and any aggravating or mitigating circumstances. The findings of fact shall be made using the "some evidence" standard of proof.
   d. The ALJ shall review all pertinent evidence presented and may draw an adverse inference from the offender's silence during the proceedings.

11. Offender Conduct at Hearings
   a. If the offender chooses not to attend a hearing or refuses to go to the place of the hearing, the ALJ shall make findings of fact documenting that the offender's actions constitute a waiver of the offender's right to be at the hearing.
   b. If an offender does not participate in a hearing (or does not appeal a hearing decision), the offender will be deemed to have failed to exhaust the administrative procedures and administrative remedies available to the offender.
   c. An offender appearing before the ALJ is subject to the rules of discipline in the same manner as at any other time. If the offender becomes so unruly at the disciplinary hearing that the hearing cannot be effectively continued, such conduct shall be treated as a refusal to appear at the hearing, and the hearing shall continue outside the offender's presence. The ALJ shall document the offender's behavior and make a finding regarding whether it constituted a waiver of the offender's hearing right.

### Use of Confidential Information

1. The ALJ shall consider confidential documentary evidence or testimony reviewed outside the presence of the offender only, if after reviewing and/or hearing such evidence, the ALJ has:
   a. Made a finding that the information is reliable; and
   b. Made a finding that disclosure of the evidence to the offender would create a substantial risk of harm to individual safety or institutional security.

2. Confidential information shall not be reviewed with the offender. The statement of the evidence relied on shall indicate the reliance on confidential or omitted information.

3. The IDOC takes its responsibility to safeguard confidential information very seriously. Staff makes every effort to keep all information physically separated from other information and files. In addition, only staff that has a need to see any confidential information is allowed access to the information. The IDOC and the Attorney General's Office also seek to limit access to confidential information in all court proceedings.

### Expungement

If the incident as charged in the Disciplinary Notice is dismissed, the disciplinary records of that incident shall be expunged from the offender's file. Dismissal of alleged individual rule violations constituting only part of the entire incident shall not require expungement.

*Exhibit C* #

# Hearing Decision

## Anamosa State Penitentiary

| | |
|---|---|
| Offender | 6230418    **Smith, David Michael** |
| Region | Anamosa State Penitentiary |
| Facility | Anamosa State Penitentiary |
| Hearing Number | H249828 |
| Disciplinary Number(s) | 20061011431 |
| Decision Date | **08/22/2006 11:19:00 AM** |
| Decision | **Guilty** |
| Continued | |
| Rules Cited | 25, 43 |
| Rules Violated | 25 |
| Offense Class | C |
| Findings of Fact | On 8/17/06, 4:00 p.m. LUB, CS1 Paul Nemmers observed you standing on 4 gallery.  You are in on-call status and were to be in your cell.  CS1 Nemmers questioned you as to why you were out of your cell and you responded that you were let out of your cell by a "day shift officer".  You stated, the "officer" told you to wait outside when you had returned to the unit.  You state you returned at 1:30 p.m.  CS1 Nemmers informed you that he had been in the unit since 1:15 p.m. and he asked you why you did not speak with him.  You did not have any response.  You were unable/unwilling to identify the "officer" that instructed you.  You indicated that you did not return to the living unit at the 3:00 p.m. cell line because you "just didn't think about it". |
| Evidence Relied Upon | Report by CS1 Nemmers-witnessed.<br>At hearing you raise the issue that the disciplinary notice was provided to you "after the 24 hour notice period" as stated in the rulebook, which is a violation of policy.  Not an accurate interpretation of the policy.  "The 24 hour notice period" relates to due process and the fact that an inmate is permitted 24 hours from the time he is served the notice, prior to the hearing, to prepare a defense.<br>You do not provide a defense to the violation as documented. |

Sanctions

| | Sanction | Value | Suspended | Suspended Length | Suspended Amount | Note |
|---|---|---|---|---|---|---|
| | CEL | 5 | No | | | Days On-Call Lockup |
| | ET | 2 | No | | | Days |

| | |
|---|---|
| Disposition | 5 O/C lockup to be served on long days. |
| | **Right to appeal within 24 hours of this hearing.** |
| Appeal Form Given | Yes |

*[signature]*

**Administrative Law Judge**

# Disciplinary Appeal Response - Warden

| | | |
|---|---|---|
| **Offender** | **6230418** | **Smith, David Michael** |
| **Response Date** | 08/28/2006 | |
| **Hearing Number** | H249828 | |
| **Disciplinary Number(s)** | 20061011431 | |

**Hearing Date**        08/22/2006 11:03:00 AM

**In your appeal you state:**
  Claim procedural error

**After a review of your claim and all other information involved:**
  Affirm Decision

**Comments**
  I'm afraid that you have mis-read the DOC policy.  The policy specifies that the disciplinary hearing cannot take place within 24 hours of the serving of the report--this is to ensure that you have sufficient time in which to prepare your defense.  The report was served to you on 8-18-06.  The disciplinary hearing was conducted on the 22nd.

**Appeal Staff**        Jerry Burt - Warden

Iowa Department of Corrections                Page    1    of    1                08/28/2006 08:56 AM



*Exsibit E*

*D.3 Inmate copt*

*C. 5*

# Hearing Decision

### Anamosa State Penitentiary

| | |
|---|---|
| **Offender** | **6230418    Smith, David Michael** |
| **Region** | Anamosa State Penitentiary |
| **Facility** | Anamosa State Penitentiary |
| **Hearing Number** | H245696 |
| **Disciplinary Number(s)** | 20061006685 |
| **Decision Date** | **05/16/2006 10:23:00 AM** |
| **Decision** | **Guilty** |
| **Continued** | |
| **Rules Cited** | 14, 23, 27, 43 |
| **Rules Violated** | 27 |
| **Offense Class** | C |
| **Findings of Fact** | On 5/2/06 CSM Curt Mayo interviewed you regarding an argument/confrontation you had with inmate Gridiron, Shazier #1069498A-8 around noon on 4/30/06 in the LUD-2 TV area. You admitted to CSM Mayo that you argued with your roommate about the cleaning of your room and that the argument got heated.  You also admitted that you made some challenging and inappropriate statements. |
| **Evidence Relied Upon** | Report by CSM Mayo-investigated. At hearing you admit that your argument with inmate Gridiron concluded with inmate Gridiron coming to a second confrontation with a "shank."  You state, "I didn't threaten him. The man pulled out a knife.  I was cleaning out the room, he came along.  He said, 'You have a problem cleaning up man.  I'll fuck you up.'  It got heated.  I admit to that, but I didn't threaten him." Your interview notes with CSM Mayo shared. Confidential information not utilized. |

**Sanctions**

| Sanction | Value | Suspended | Suspended Length | Amount Suspended | Note |
|---|---|---|---|---|---|
| DD | 15 | No | | | Days |
| ET | 16 | No | | | Days |

| | |
|---|---|
| **Disposition** | Credit 15 days DD served. Review by Classification Team prior to release. **Right to appeal within 24 hours of this hearing.** |

**Administrative Law Judge**

# Administrative Segregation Review

Institutional Classification Committee

**Offender Name:** David Michael Smith          **Offender Number:** 6230418

**Current Ad Seg Status:** AS6: Investigative Segregation

**Segregation Date:** 05/01/2006  2:45:00 PM

**Housing at Time of Review:** ASP, ASP, LUD-3, C-05, 01

**Offender Present:** Yes

**Offender Comments:**

"Am I getting out?"

**Committee Decision:** Continue

**Reasons for Decision:**

Investigation continues

**Decision Date:** 05/04/2006  8:15:00 AM

**Committee Members:** Jake Noonan          John Fayram          Dennis Labarge

**New Ad Seg Status:** AS6: Investigative Segregation

**Date of Next Review:** 06/04/2006

**Program Outline/Expections for Next Review:**

Follow rules and cooperate with staff.

**Visits:** No Contact

**Single Cell:** Yes

**Special Needs:** No

**Psych Review Requested:** Yes     (Required after first 30 days)

Ex2ibit G

# Disciplinary Notice

### Clarinda Correctional Facility

**Offender**        6230418      Smith, David Michael
**Notice Date**     08/20/2007

**Disciplinary Number**   20071011437
**Rule(s) Violated**     16      Unauthorized possession/exchange
                    43      Attempt or complicity
**Narrative**           On 8-20-07 at about 9:20 am I CO D. Scotton shook down cell 30 on South 4. On inmate Smith David 6230418 coat hook was his laundry bag with a thermal shirt and 2 pair of thermal pants, there were no tags in them. He did not have the tags or a property sheet for the thermals. They were entered into evidence.

**Reporting Staff**    Diane Scotton

**Reviewer**        Thad Nellis
**Decision**        Approved

### Offender Response

**Served Date/Time**   8/22/07   6:56 AM
**Staff Serving**      Sgt Gago

The Serve date has got to be the Same date as Notice, If not then Time Barred.

Exzisit @ H

# CLARINDA CORRECTIONAL FACILITY
# INMATE PERSONAL PROPERTY LIST

(Circle One)

Departure/Arrival Date: 5-18-07

Status: NEW ARRIVAL

Inmate Name: SMITH, DAVID          Inmate Number: 6130418          Page _____

| Clothing Items | | | Jewelry | | |
|---|---|---|---|---|---|
| Jeans-# | Size | Brand | Watch | | |
| Shorts-# | Size | Color | Wedding Ring | | |
| T/Undershirts-# | Size | Color | Rosary/Cross/Medallion/Chain | | |
| Pocket-# | Size | Color | Prayer Hat/Rug/Robe | | |
| Athletic-# | Size | Color | Bible / | | |
| S/Sleeve-# | Size | Color | **Writing/Reading** | | |
| Sweatshirt-# | Size | Color | Books # | | |
| Sweatpants-# | Size | Color | Magazines # | | |
| Thermal top-# | Size | Color | Dictionary/Thesaurus | | |
| Thermal bottom-# | Size | Color | Portfolio | | |
| Undershorts-# | Size | Color | Legal papers misc. | | |
| Socks-# | | | Personal papers misc. ✓ | | |
| Tennis Shoes/Brand/Size/Color | | | Legal Pads | | |
| Personal Boots/Brand/Size/Color | | | Notebooks | | |
| Gloves-# | | | Pens # Pencils # Eraser Sharpener | | |
| Baseball cap | | | Colored Pencils/12 | | |
| Stocking cap | | | Drawing pad | | |
| Handkerchiefs | | | Stamped envelopes | | |
| Weight lifting gloves/Straps/Weight belt | | | Address book | | |
| Belt | | | State glasses w/case | | |
| Shower Thongs/Sandals | | | Personal w/case | | |
| **Toiletries** | | | Sunglasses | | |
| Safety razors | | | **Cell Extras** | | |
| Toothbrush/case | | | Mug | | |
| Soap dish/Clear cosmetic bag | | | Drinking glass-clear/white | | |
| Comb/brush/pick | | | Deck cards | | |
| Nail clippers lg/sm | | | Soup bowl / | | |
| Dentures/cup | | | Plastic container/shoe box | | |
| **Electrical items** | | | Cigarette case | | |
| Television # | | | Calculator | | |
| Make Size | | | Batteries-AA/AAA | | |
| Coaxial cable/6" | | | Photos # Photo albums | | |
| AC/DC adapter | | | Food-candy misc. coffee | | |
| Clock-Wind-up/Electric | | | Clear pitcher | | |
| Clock/Radio AM-FM | | | Clear 2 qt. | | |
| Walkman/ AM-FM | | | Typewriter | | |
| Ear/headphones | | | Hot pot (clear) | | |
| Headphone ext. cord | | | Guitar/bag | | |
| Electric razor/trimmer | | | | | |
| Cassette tapes | | | | | |
| | | | **Not allowed in CCF** | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | Mail out | Visit out | Destroy |

Date: _____ Inmate Signature: _____ Officer Signature: _____

# Hearing Decision

### Clarinda Correctional Facility

| | |
|---|---|
| **Offender** | **6230418**    **Smith, David Michael** |
| **Region** | Clarinda Correctional Facility |
| **Facility** | Clarinda Correctional Facility |
| **Hearing Number** | H265772 |
| **Disciplinary Number(s)** | 20071011437 |
| **Decision Date** | **08/31/2007 7:35:00 AM** |
| **Decision** | **Dismissed** |
| **Continued** | |
| **Rules Cited** | 16, 43 |
| **Rules Violated** | |
| **Offense Class** | |

**Findings of Fact**    This ALJ has reviewed the report and dismisses it.  On 08-20-07, at approximately  9:20 am, the reporting C/O shook down cell # 30 on South Unit # 4, and found in the laundry bag belonging to offender SMITH, t pair of thermal shirts and pants that had no tags on them... The seized items were placed into evidence...  It's noted on the Offender Personal Property list as a new arrival at CCF, offender SMITH was originally marked by R & D staff as having both of these items, and having "need tagged" marked beside them, but the items were marked out, as was the "need tagged"...  This ALJ checked with R & D staff, who originated the property list, and discovered that unmarked thermals coming in from ISP are State issued items, where as those thermals that are personal that come in with offenders from ISP are clearly marked with their name/number...  since these were unmarked, they were State issued, and cannot be tagged with the offenders name/number...  R & D staff allowed him to have them, temporarily, so this report is dismissed...

**Evidence Relied Upon**    The report dated 08-20-07 by C/O D. Scotton, the seized evidence, as well as the issues noted above in the "Findings of Fact".

**Sanctions**

| | | | Suspended | Amount | |
|---|---|---|---|---|---|
| Sanction | Value | Suspended | Length | Suspended | Note |
| CON | | No | | | Confiscation of seized evidence |

**Disposition**

Report dismissed without prejudice, and confiscation of the seized evidence...   The seized items are to be sent back to R & D...

**Right to appeal within 24 hours of this hearing.**

*Brad L. Richards*
**Administrative Law Judge**

**STATE OF IOWA**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE COMPLAINT**

Grievance #

(For Grievance Officer use only)

Your grievance will be returned if all the information is not completed.

Name: David Smith      Date: 9-20-07

Number: 6236418      Housing Unit: S-4

☐ Standard      ☐ Emergency

Reason: Conduct of Staff

Description of Problem:
SEE ATTACHED Form

(Attach additional sheets if necessary)

_____      9-20-07
Grievant Signature      Date

Action Requested by Offender: To Be Taken out of TOW AND GIVING CREDIT FOR THE CLASS I'VE TAKEN. THANK YOU VERY MUCH

Have informal resolution procedures been exhausted and what steps have you taken? ☐ Yes ☐ No

Explain steps taken and with whom _____

_____      092807
Grievance Officer Receipt      Date

## GREIVANCE

...mith 6230418

...mber 18, 2007

Narrative:

In July of 2007 the Clarinda Correctional Facility-South Pod-Classification Committee reviewed me for consideration for enrollment in the TOW Substance Abuse Treatment Program. Present for this meeting was Roxanne Philips, Erin Thomas, and DAC Barb (LNUK). During the classification it was determined that the TOW program would not be required. A subsequent classification was scheduled for the following Monday. This meeting however did not occur. I was seen on Wednesday of the same week. Present at this second meeting was Lt. Margaret Gray, Erin Thomas, and Roxanne Philips. At that time I was told that I would be placed " back onto the list" for enrollment into the TOW Program and that I would be among the participants in the next group. It should be noted that I was removed from the list after the initial classification, which deferred my enrolling into the program and subsequently my opportunity for early release.

I would also submit for your consideration that I have completed the Drug and Alcohol Awareness Treatment Program at Ft. Madison, Iowa (ISP) in 2006.

It is my understanding that there is a criterion for assessing an inmate's eligibility for and level of care with reference to Substance Abuse Treatment (c. in accordance to IAC 643 Chapter 6.3). My concerns are that this criterion is not being applied in an appropriate manner. That being the case my treatment and efforts toward rehabilitation are being undermined.

My request is to be given credit for the completed DAA Substance Abuse Program and the requirement for completing TOW to be eradicated.

Respectfully Submitted,

David Smith.

Cc: Shawn Howard, Roxanne Philips, Erin Thomas, Brad Richards.

1

# CONFIDENTIAL

## STATE of IOWA
## DEPARTMENT of CORRECTIONS
### GRIEVANCE ACKNOWLEDGMENT and RECEIPT

**Date:** September 25th, 2007      **Living Unit:** South # 4

**To:** SMITH, David M.      **I. D. Number:** 6234018

**From:** *Brad L. Richards*    ALJ, CCF Grievance Officer

**Re:** Grievance Dated: **09-20-07** (Date Received **09-25-07**)

**I.** Your grievance has been received and has been assigned number: **0683**

**Your Grievance will be processed as:**

- ☒ Nongrievable
- ☐ Standard
- ☐ Emergency
- ☐ Other (see below for explanation)

**You will be advised as to a disposition within 21 days.**

**II.** Your grievance is being returned and was not processed for the following reasons:

- ☐ **You have not attempted informal resolution**
- ☒ **Your grievance has been ruled "non-grievable" since it deals with a matter that does not fall under the jurisdiction of the Department of Corrections or deals with a matter that already has an appeal process.**
- ☐ **You do not provide sufficient details, i.e. what, when, who, etc.**
- ☐ **This issue has already been grieved by you (Grievance No.          )**
- ☐ **Your grievance was not signed**
- ☐ **You do not provide any "action requested"**
- ☐ **You request resolution on more than one issue. (DOC Policy IO-OR-06 states, "Only one issue may be grieved per form.")**
- ☒ **Other:** (explanation provided **Placement into, or removal from a treatment program, are Classification actions, and are non grievable actions... You were explained this by your Counselor on 09-24-07...that you need to be seen by Classification, for removal from the TX program, and you indicated to her that you choose not to do so at this time... Just because you made that choice, doesn't give you the option now to grieve...this is still a Classification action/decision...    (NOTE:   please refer to enclosed CCF Offender's guide to filing Grievances...)**

*Exzibit k*

David Smith # 6230418
October 3, 2007

<u>Informal Resolution:</u>

On October 01, 2007 the Classification Team interviewed me for determining my need for the TOW treatment program. (Spec. R Phillips, R. Walters, and E. Thomas). After reviewing my case-file and the actions taken on these matters initially, it was determined that I would not be required to participate in the TOW program. Though the decision regarding the TOW program is acceptable, it is disturbing to me that I was held out of a Court Ordered program (B.E.P.) for five (6) months in lieu of completing the Tow treatment. As it stands now, additional delays are set to occur because of the inept decision-making that was implemented in the handling of my case-file. (Please ref. Prior Classification Interviews/Informal Resolution/Grievance No. 0683       .)

At the conclusion of the October interview it was decided that I would be classified as Privilege Level (3) Three and would subsequently be removed from South Pod to the North Pod. I have not been a disciplinary problem within this facility at any time. I have associations on the South Pod that are of a constructive nature. It is a known fact that the North Pod is of a less-social standard over-all. I do not want to be put at risk.

I have conveyed my concerns relating to being place on the North side of the institution to my counselor. Those concerns are not being appropriately addressed. My goals are pro- rehabilitation. My efforts however, have been continually discounted. My institutional/behavioral records will bear out that I have taken and continue to take advantage of every available means for insuring that I am successful in changing what needs to be changed. I cannot see a credible objective being achieved in sending me into a menacing situation when I am currently crisis free where I am. Given the general character of the North Pod environment, I think it a reasonable request to ask that I be permitted to reside on South Pod where I have established positive support and encouragement, as opposed to being forced into a situation where I may have to defend against verbal/physical abuse.

In conclusion, I want to be considered for remaining on the South Pod and to be given accurate/specific information on when I will be enrolled into the B.E.P. Program.

Thank you for your time and consideration.


Mr. David Smith



Exhibit L

Clarinda Correctional Facility
**INSTITUTIONAL KITE**

Inmate Name: _David Smith_    Date: _10-4-07_

Number: _625496_    Living Unit: _5-4_

Staff Member You Wish to Contact: _Donna Ayala_

Purpose of Contact: _(Please see Attached) The treatment_
_director made a mistake in my evaluation. I should_
_not have to pay for their mistake I sit too board_
_to now I have not done treatment. Could I_
_receive first priority on the list. Thank you Very_

NOTE: Be specific in purpose, in order for the staff member you wish to see
can properly respond, or set up a scheduled contact.
**********************************************************************

### FOR STAFF USE ONLY

Date Received: _____    Date Responded: _10-5-07_

Reply: _Due to the length and_
_severity of your crime, you are_
_not a priority for RTT/VPP_
_at this time. You are on_
_the waiting list and will be_
_be notified when it is your_
_time to start._

_____

           _LA_

Original: Retained by Staff Member Responding
Copy: Returned to Inmate

           248-0024

# Exibit M.

*Exhibit N*

## DISCIPLINARY NOTICE   ☐ (Major)   ☒ (Minor)

Full Name _Stark Thomas_____ Number _6862756_ Date _11-26-07_

Quarters _South 4_____ Cell No. _15_ Work Assignment _ICU_

Report: (Include when, what, who, where incident occurred)

Rule Violation No. _9, 11, 20_

On 11-26-07 at about 9am I, CO D Scotten who was working on S4
shackdown cell 15 in C tier Combs Tray # 073298 locker box I
found 2 white athletic under shirts 3xl with no tags. O Stark
Thomas #6862256 said he gave them to O McCombs who is his
cellie. He had a property sheet for them. A disposition form was filled
out and the shirts were destroyed.

Stark rule violations #9 exchanging with other offenders #11attempt to circum-
procedures #20 failure to obey posted orders
I recommend 5 days extra work

Copy Given to Offender: Date _11-26-07_ Reporting Staff Member (Printed Name) _CO Diane Scotten_
By _CO Scotten_ Time _1255_ Reporting Staff Member (Signed Name) _CO Diane Scotten_
Summary Segregation: ☐ Yes ☐ No   Location _____ Reason _____
Shift Supervisor _T. Kellis_

Waives Hearing _____   Waives 24-hour Notice _____
    (Offender Signature & Date)                               (Offender Signature & Date)

---

**Investigation of Violation(s)**   Time and Date _____

Offender Comments: (Including names of witnesses)   ☐ Guilty   ☐ Innocent

"no appeal"

5 DAYS EXTRA WORK
START 8:00 Nov 29 END 10PM Dec 3
Schrader

Work Assignment _____

Counselor _____

Additional Investigation _____

Evidence with report: ☐ Yes ☐ No      Quarters Searched ☐ Yes ☐ No

Special Needs/Mental Health Issues ☐ Yes ☐ No      Hearing Number _____

Reviewed by _____   Investigating Staff Member _____

# Disciplinary Notice

## Clarinda Correctional Facility

**Offender**      6230418      **Smith, David Michael**
**Notice Date**      11/28/2007

**Disciplinary Number**    20071017233
**Rule(s) Violated**      26      Verbal abuse
                        27      Obstructive/Disruptive conduct
                        43      Attempt or complicity

**Narrative**      On 11/28/2007 at approximately 4:51 pm, while working South 4 I Officer Sandra Armagost was handed a shoes and boots list from R&D. I found Inmate Smith, David 6230418 in the dayroom. He was one of two who were on the list. I called out his name, as I walked over to him and told him that he was on the list. He did not hear me, so as I got closer to him I told him again. He looked at me and told me "take the muzzle off so I can hear you". The gym was not open at this time, so the dayroom was full of Inmates. The Inmates stopped all the activity and looked at what was going on. I told him to come to my desk. I called Lt. Gray at approximately 4:58 pm. She came over and we went to the shift supervisor's office. Smith was moved to East 1.

**Reporting Staff**      Sandra Armagost

**Reviewer**      Bobby Jones
**Decision**      Approved

## Offender Response

**Served Date/Time**      *11-29-07*      *12:50 PM*
**Staff Serving**      *Sgt Gage*

*Exhibit O*

Case 1:08-cv-00001-EJM-JSS     Document 1-3     Filed 01/07/08     Page 27 of 30

*Ex 21bit P.*

# Hearing Decision

## Clarinda Correctional Facility

| | |
|---|---|
| **Offender** | **6230418**   **Smith, David Michael** |
| **Region** | Clarinda Correctional Facility |
| **Facility** | Clarinda Correctional Facility |
| **Hearing Number** | H269006 |
| **Disciplinary Number(s)** | 20071017233 |
| **Decision Date** | **12/04/2007 8:30:00 AM** |
| **Decision** | **Guilty** |
| **Continued** | |
| **Rules Cited** | 26, 27, 43 |
| **Rules Violated** | 26, 27 |
| **Offense Class** | C, C |

**Findings of Fact**   This ALJ has reviewed the report, and classifies is as a Major.  Offender SMITH stated he received copies of the report and witness statements, and read them prior to the hearing... This ALJ finds offender SMITH guilty of Major Rules  # 26 - Verbal Abuse, and # 27 - Obstructive/Disruptive Conduct, because at approximately  4:51 pm, on 11-28-07, as the reporting C/O was working on South Unit # 4, she had a list for offenders who needed to go to R & D for boots/shoes...  She called out offender SMITH's name, and he failed to respond...  she then walked over to where he was sitting in the dayroom, and again told him he was on the list for R & D...  Offender SMITH looked at the reporting C/O, and told her to "take the muzzle off so I can hear you"...  He was removed from the unit, taken to the Shift Supervisors office, and was then placed in Ad. Seg. Status on East Unit # 1...

**Evidence Relied Upon**   The disciplinary report dated 11-28-07, written by C/O S. Armagost, an Ad. Seg. notice from CSII B. Jones, a witness statement from CSI M. Gray and C/O T. McElroy, an admission of guilt by offender SMITH to the investigating SCO, as well as the following statements made by offender SMITH: (1)   when Sgt. Jago came and talked with me, I told her it was nothing more than slang;  (2)  I never told the Shift Supervisors that I thought it was ok;  (3)  I have admitted my guilt and told her that I was sorry;  (4)  no further comments...

**Sanctions**

| Sanction | Value | Suspended | Suspended Length | Amount Suspended | Note |
|---|---|---|---|---|---|
| DD | 10 | Yes | 90 | 10 | suspx90 days |
| ET | 20 | Yes | 90 | 20 | suspx90 days |
| SP | | No | | | Rec. review by Classification |

**Disposition**   (10 days DD and 20 days LOET – with both sanctions suspended x90 days), and (recommend review by the CCF Classification Committee – not suspended).  The suspended sanctions are intended to be an incentive for this offender to modify his actions/behaviors, and to comply with the rules and regulations of this Facility in the future. These sanctions are based on the severity of the offense, past disciplinary history, and are appropriate to the nature of the offense.  Offender SMITH has been put on notice that any further violations of this nature would result in more significant discipline.

**Right to appeal within 24 hours of this hearing.**

*Exibit Q*

## NOTIFICATION OF PAROLE BOARD DECISION

To:  David Michael Smith          6230418 - CCF

From:  Iowa Board of Parole

Your case was reviewed by the Board of Parole on October 24, 2007 and its decision was to deny parole/work release.

The Board's reasons for it's decision are summarized below:

> The Board is recommending your involvement in the coming year in Substance Abuse Treatment as recommended by the Board of Parole and/or the institutional treatment team. If you are already complying with the above recommendations you should continue and complete successfully. Your case will be reviewed again at your next annual.

> The Board is recommending your involvement in the coming year in the Batterers Education Program. If you are already complying with the above recommendations you should continue and complete successfully. Your case will be reviewed again at your next annual.

> In view of the seriousness of the crime for which you were convicted, the Board believes that a parole at this time would not be in the best interest of society.

Your file and institutional progress report will be reviewed on your annual review date.

An appeal must be received at the parole board office, or be postmarked, within ten (10) days of the receipt of notice of the action appealed. The board is not required to consider untimely appeals.

Elizabeth Robinson, Chair
Iowa Board of Parole
510 E 12th Street, Suite 3
Des Moines, Iowa  50319

Fax # (515) 715-5762
Phone # (515) 725-5759

DAVID Michael Smith 6230418
Clarinda Correctional Facility
P.O. Box 1338
Clarinda Iowa

51632

Clerk, U.S. District Court
101 First Street, SE
CEDAR RAPIDS, Iowa

52401